IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:

CLINTON A. REYNOLDS,

           **Debtor.**

Filed / Docketed
June 5, 2007

Case No. 07-10262-M
Chapter 13

## MEMORANDUM OPINION

In this case, the Court is asked to determine whether the "year-to-date" statement of income given by an employer to an employee constitutes "other evidence of payment received within 60 days before the date of the filing of the [bankruptcy] petition" for purposes of § 521 of the Bankruptcy Code.[1]  On the facts of this case, the answer is yes. The following findings of fact and conclusions of law are made pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014.

## Jurisdiction

This Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1408.  Reference to the Court of the case is proper pursuant to 28 U.S.C. § 157(a).  This contested matter is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A).

## Findings of Fact

Clinton A. Reynolds ("Debtor" or "Reynolds") filed an original petition for relief under Chapter 13 on February 18, 2007.  The case was assigned to Lonnie D. Eck, the standing Chapter 13 Trustee for the Northern District of Oklahoma  ("Eck" or "Trustee").  Concurrently with the

---

[1]  *See* 11 U.S.C. § 521(a)(1)(B)(iv).  Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

filing of the petition, Debtor filed a pleading entitled "Payment Advices Certification" (the

"Certification"), wherein he stated that he had attached "all payment advices or other evidence of

payment received from any employer(s) within 60 days before the petition date."[2]  Attached to the

Certification were two earnings statements from ASEC Manufacturing Sales ("ASEC") for the

periods from December 4, 2006, through December 17, 2006, and January 29, 2007, through

February 11, 2007.  Each of these statements listed the income earned by the Debtor during the

particular pay period, as well as the Debtor's earnings on a year-to-date basis.[3]  In addition to these

documents, Debtor attached his W-2 Wage and Tax Statement from ASEC for calendar year 2006.

The first meeting of creditors was held on March 27, 2007.  At that meeting, the Debtor was

informed by a member of Eck's staff that Debtor had not submitted pay stubs for the month of

January 2007.  Debtor did not respond or file any additional information regarding his pre-petition

income.  On April 17, 2007, Eck filed a pleading entitled "Trustee's Request for Hearing Regarding

Automatic Dismissal for Failure to File Required Payment Advices,"[4] (the "Trustee's Request") in

which he asked the Court to determine whether this case should be dismissed as a result of Debtor's

failure to file payment advices for the month of January 2007.  Two days later, Debtor filed his

January 2007, AESC pay stubs.

A hearing was held on the Trustee's Request on April 24, 2007.  At the hearing, counsel for

Eck argued that the case should be dismissed due to the failure of the Debtor to timely file his

_____

[2] *Docket No. 6.*

[3] The year-to-date information included the Debtor's gross and net pay, as well as the
amounts deducted for federal income tax, state income tax, Medicare tax, Social Security tax,
health insurance, union dues, and contributions to the United Way.

[4] *Docket No. 15.*

January 2007, pay stubs.  Counsel for Reynolds argued that the year-to-date income information

found in the February 2007, pay advice was sufficient to ward off dismissal.  Reynolds also argued

that dismissal was not in the best interests of creditors or the estate.  The parties were given an

opportunity to submit briefs in support of their positions, the last of which was received on May 14,

2007.

To the extent the "Conclusions of Law" contain any items which should more appropriately

be considered "Findings of Fact," such items are incorporated herein by this reference.

### Conclusions of Law

The duty of a debtor to file proof of income earned in the 60-day period prior to filing a

bankruptcy case is found in § 521, which provides in pertinent part that

(a) The debtor shall–

(1) file–

\*        \*        \*

(B) unless the court orders otherwise–

\*        \*        \*

(iv) copies of all payment advices or other evidence of payment
received within 60 days before the date of the filing of the petition,
by the debtor from any employer of the debtor[.][5]

If the information required under this section is not filed within 15 days of the date of the filing of

the bankruptcy petition, the case is subject to dismissal, unless an extension of time is granted by

---

[5] § 521(a)(1)(B)(iv).

the court.[6]  In addition to this provision, § 521(i) provides for "automatic dismissal" in certain

circumstances:

> (i)(1) Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.
>
> (2) Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 5 days after such request.
>
> (3) Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of the filing of the petition described in paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing.
>
> (4) Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.[7]

Section 521(i) is part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005

---

[6]  *See* § 1307(c)(9) (" Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including– . . . (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521[.]").  A similar provision dealing with Chapter 7 cases is found in § 707(a)(3).  *See also* Interim Federal Rule of Bankruptcy Procedure 1007(b)(1)(E), (c), as adopted by this Court by Miscellaneous Orders 159 & 168.

[7]  § 521(i).  The Court here makes no determination whether dismissal of a bankruptcy case under this section occurs "automatically," as the Court need not reach the issue to decide the dispute presently before it.

("BAPCPA"), and became effective on October 17, 2005.

The petition in this case was filed on February 18, 2007. Under § 521(i)(1), the "automatic dismissal" date for this case was April 5, 2007. Debtor did not file his January 2007, pay stubs until April 19, 2007, some two weeks thereafter. Debtor argues that the year-to-date information contained in his February 2007, pay stub is sufficient for the purposes of § 521(a)(1)(B)(iv). Eck disagrees, arguing that if all pay stubs which cover the 60-day period prior to filing are available to a debtor, then § 521(a)(1)(B)(iv) mandates that they all be filed, or else the case be dismissed. The Court is aware of two cases that have dealt with situations factually similar to the case at bar. In each of those cases, the debtors prevailed.

In *In re Luders*,[8] the debtors sought bankruptcy protection on June 16, 2006. They did not submit all of their payment advices received in the 60-day period prior to filing; however, each of the debtors submitted pay stubs that included a statement of their year-to-date income. The court, with little analysis or explanation, found that "the year-to-date totals found on these pay stubs, constitute 'other evidence of payment' sufficient to satisfy the requirements of 11 U.S.C. § 521(a)(1)(B)(iv)."[9] In *In re Tay-Kwamya*,[10] the debtor failed to submit two of her pay stubs for the 60-day period prior to filing. The court found that a bankruptcy trustee should have had no difficulty in determining the amount of the debtor's income in the 60-day period prior to filing using the pay stubs that were submitted, and declined to enter an order dismissing the case.[11] The court

---

[8]  356 B.R. 671 (Bankr. W.D. Va. 2006).

[9]  *Id.* at 674.

[10]  ___ B.R. ___, 2007 WL 1175890 (Bankr. S.D.N.Y. April 23, 2007).

[11]  The court in *Tay-Kwamya* made no finding that year-to-date information was available on the debtor's pay stubs. Instead, the court found that the debtor was employed on an hourly

in *Tay-Kwamya* quoted scholarly authority that noted that

> When all payment advices or other evidence of payment for the past sixty days are
> not readily available, the debtor may need to file a motion to excuse the filing of
> some or all of them. For example, consider the debtor who has been terminated by
> an employer who refuses to cooperate and to provide the documents. It is unlikely
> that such a motion would be opposed, especially if a year-to-date figure is available
> on a recent pay stub, and attorneys may develop a form motion for what is likely to
> be a frequently occurring problem. **Indeed, a year-to-date figure on a current pay
> stub may be considered to be evidence of payment sufficient to satisfy the
> statute even without such a motion.**[12]

The article by Mr. Sommer, written before the effective date of BAPCPA, proved prophetic:  the

issue of payment advices looms larger and larger, in this district and around the country.[13]

In the present case, Debtor filed for bankruptcy protection on February 18, 2007.  The pay

stub filed by the Debtor for the pay period ending February 11, 2007, contained information showing

the total amount of income received by the Debtor for the period from January 1, 2007, through

February 11, 2007.  Such information creates a very clear picture as to the amount of income Debtor

received for January 2007, which is the only period at issue.[14]  Indeed, the year-to-date income

---

basis, and that the income earned in the period for which pay stubs were not submitted could be
extrapolated from the pay stubs submitted to the trustee.

[12]  *Id.* at 5 (quoting Henry J. Sommer, *Trying to Make Sense Out of Nonsense:
Representing Consumers Under the Bankruptcy Abuse Prevention and Consumer Protection Act
of 2005,* 79 Am. Bankr. L.J. 191, 212-213 (2005) (emphasis added by *Tay-Kwamya* court).

[13]  *See Chapter 13 Trustee's Response Brief in Support of Trustee's Request for Hearing
Regarding Automatic Dismissal for Failure to File Payment Advices, Docket No. 25*, at 9
("Unfortunately, the issue of untimely or unfiled payment advices has been raised
recently by the Trustee in several cases. With a few exceptions, most of which occurred
around the time BAPCPA took effect, debtors and their counsel had been timely filing
the necessary payment advices, however, in the last few months the Trustee has found
that the filing of payment advices has become a significant issue again.").

[14]  Although the Debtor did not file a pay stub for the time period from December 17,
2006, through December 31, 2006, the Trustee did not contend that such pay stubs existed, or
that the Debtor was deficient in his failure to submit the same.  The Court notes that the year to

information set out in the February 11, 2007, pay stub contains no extraneous data:  all of the

information contained therein pertains to the 60-day period prior to filing.  The Court concludes that

the Debtor has complied with § 521(a)(1)(B)(iv), and that Eck has been provided with sufficient

"other evidence of payment received within 60 days before the date of the filing of the petition."

There is no cause to dismiss this case.

### Conclusion

This Court believes that there are situations where the year-to-date information on a pay stub

can satisfy the "other evidence of payment received within 60 days before the date of the filing of

the petition" requirement of § 521(a)(1)(B)(iv).  Such determinations must be made on a case-by-

case basis.  Here, the Court finds that the pay stubs submitted by the Debtor constitute "other

evidence of payment received within 60 days before the date of the filing of the petition" and

therefore satisfy the requirements of § 521(a)(1)(B)(iv).

The Trustee's request that this case be dismissed is denied.  A separate judgment consistent

with this Memorandum Opinion is entered concurrently herewith.

Dated this 5th day of June, 2007.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

4926.4

---

date income for the Debtor on his December 18, 2006, pay stub is the same amount as listed on
his W-2 form for the entire year of 2006.  This would seem to indicate that Debtor did not
receive any income in calendar year 2006 after December 17, 2006.